Wilkins, J.
The Civil Service Commission (Commission) seeks relief pursuant to G.L.c. 211, §3, with respect to an interlocutory order entered by a judge of the Boston Municipal Court directing the Commission, at its expense, to prepare a transcript of the hearing before the Commission’s hearing officer on Aziz’s appeal of his discharge by the chairman of the Massachusetts Parole Board.
Section 44 of chapter 31 of the General Laws provides for judicial review of Commission decisions. Section 44 says in part that “[A]t the time of the hearing on the petition (for review), the commission shall file with the court (a) the original or a certified copy of the record of the entire proceedings which are being reviewed, accompanied by a certification over the signature of the secretary to the commission that the same is true and complete ...” The Commission grants that a transcript may properly be part “of the record of the entire proceedings which are being reviewed.” The certified administrative record submitted to the trial court states at page 5 that it is only partially certified “because it does not include a transcript of the proceedings held before the Commission.”
The quoted portion of §44 says nothing about who should pay for the transcript. In appeals from judgments of trial courts, the appellant has the obligation, at least initially, to pay for any transcript that is to be part of the record on appeal. Mass.R.A.P. 8(a), (b)(i). Under the State Administrative Procedure Act (G.L.c. 30A) (which does not apply to the Commission (G.L.c. 30A, § 1 (2))), the party seeking judicial review of agency action may be required to pay the reasonable costs of the transcript, in the absence of a statute to the contrary. G.L.c. 30A, §11(6). The general pattern in the Commonwealth is that an appellant should pay for the cost of the transcript.
Where, however, §44 is silent on the point, we need to resolve the ambiguity. The Commission has a rule of practice and procedure, Rule 6.7, that says that transcripts shall be supplied on application at the expense of the party who applies. The Commission argues that the rule should be controlling in the *545 absence of a statutory direction to the effect that someone other than an applicant should pay for a transcript. The rule, of course, could not prevail over a contrary statutory provision.
Section 45 of G.L.c. 31 provides guidance on the issue of who should pay the cost of the transcript of the hearing before the Commission. It says that an “employee who has incurred expense in defending himself against an unwarranted discharge . . . shall be reimbursed for . . . cost of the stenographic transcript.” If the Legislature intended that the Commission pay the cost of the transcript, there would be no need to provide that the improperly discharged employee may be reimbursed by anyone. Moreover, the statute makes the appointing authority, not the Commission, responsible for making the reimbursement.
Of course, when the case is decided and if the employee prevails, the court “may assess the expense of preparing the record as part of the costs of the case.” G.L.c. 31, §44. In this way, the employee can be reimbursed for the expense of the transcript.
The statute is not explicit on the issue. The general practice in Massachusetts is to place the burden on an appellant to pay for transcripts. Sections 44 and 45, read together, point in this direction. There is no apparent reason to depart from traditional practices in the circumstances of this case. The Commission’s interpretation of the obligations of parties, as expressed in its rule concerning transcripts, is entitled to some weight. The imposition of the cost on the Commission, rather than on the appointing authority, seems inappropriate. There has not yet been any determination that the Commission has erred in any respect. It is the employee who seeks judicial relief who, in absence of any statutory direction to the contrary, must produce the record on which his or her claim is based. The employee has had two hearings and has not prevailed in either. In seeking judicial relief, he should pay the cost of preparing the transcript. The order that the commission pay the cost of preparing the transcript was in error. I find nothing in the historical development of G.L.c. 30A and G.L.c. 44 that is instructive as to legislative intent.
This is a proceeding under G.L.c. 211, §3, and the Commission is not entitled to relief as of right if there is another avenue of relief. If the Commission should pay for the transcript, it will be entitled to recover the cost of the transcript when the case is over, if it prevails on the employer’s appeal. To be sure, the employee may be insolvent (and the appointing authority might be unwilling or unable to pay the Commission, if the employee should prevail). Yet the prospect of relief in the regular course is there, and, in my discretion, I deny relief from the Boston Municipal Court order in this case. The employee and his counsel have incurred the expense of this G.L.c. 211, §3 proceeding in which a rule of general applicability is announced. I think that the Commission should not be given relief in the circumstances as to this employee only.
A judgment denying relief under G.L.c. 211, §3, shall be entered for the reasons stated in this Memorandum of Decision.